# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                 Case No. 06-CR-339

**RONALD BANKS,**

      **Defendant.**

## ORDER ON THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

On December 13, 2005, Ronald Banks ("Banks") was charged in a criminal complaint with having distributing more than fifty grams of crack cocaine in violation of Title 21, United States Code, Section 841(a)(1)(b)(1)(A). On December 19, 2006, the grand jury returned a two count indictment alleging in count one that Banks distributed more than five grams of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2, and in count two that Banks distributed more than fifty grams of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

On January 11, 2007, Banks filed motions to suppress his identification and to suppress statements. Banks has requested an evidentiary hearing to resolve these motions. The government has responded and opposes Banks' requests for evidentiary hearings.

It is well established that defendants are not entitled to evidentiary hearings as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed

enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

Banks argues that an evidentiary hearing is necessary to resolve his motion to suppress his identification by the confidential informant ("CI") because the identification procedure used was unduly suggestive or otherwise conducive to a mistaken identification. See Manson v. Brathwaite, 432 U.S. 98, 106 (1977). In support of this argument, Banks points to the fact that the confidential informant was in police custody at the time he made the identification and thus his likely desire to curry favor with law enforcement may have affected the reliability of his identification. The government responds by arguing that the fact that the CI was in police custody is insufficient to render the identification procedures impermissibly suggestive.

To determine if a pretrial identification was inherently suggestive or otherwise conducive to a mistaken identification, the court conducts a two step inquiry by asking first whether the identification procedure employed was unduly suggestive, and second if so, whether the identification was reliable despite the suggestiveness. Gregory-Bey v. Hanks, 332 F.3d 1036, 1045 (7th Cir. 2003); United States v. Funches, 84 F.3d 249, 253 (7th Cir. 1996). The defendant fails to present any argument as to how the CI's custodial status rendered the identification procedure unduly suggestive. Only if the defendant demonstrates that the identification procedure was inherently suggestive must the court proceed to analyze the second prong and determine whether under the totality of the circumstances that identification was nonetheless reliable despite the suggestiveness. The CI's custodial status may bear some relevance to this second prong, although the defendant has not cited and the court was unable to locate any case in which the witness' custodial status was considered as a factor in evaluating the reliability of the identification procedure. In any event, this court need not consider the second prong of reliability because the

2

defendant has not presented any argument as to how the procedures used were unduly suggestive. Having failed to present any argument as to how the identification procedures utilized in this case were flawed, the court finds there to be no reason to conduct an evidentiary hearing on this motion.

As for the defendant's motion to suppress his post-arrest statements, Banks argues that he was arrested without probable cause. The government argues that the discovery materials establish that there was ample probable cause to arrest Banks because more than a year earlier, the CI made two controlled buys of cocaine from Banks. The government's assertions that the discovery states that Banks was involved in two controlled buys with a CI are insufficient to permit this court to conclude whether or not there was probable cause to arrest Banks. Therefore, Banks' motion for an evidentiary hearing regarding the question of whether there was probable cause to arrest Banks, shall be granted.

**IT IS THEREFORE ORDERED** that the defendant's motion for an evidentiary hearing regarding the defendant's motion to suppress his identification is **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion for an evidentiary hearing regarding the defendant's motion to suppress his statement on the basis that he was arrested without probable cause is **granted**.

An evidentiary hearing shall be conducted in Courtroom 254 of the United States Courthouse, 517 E. Wisconsin Ave, Milwaukee, Wisconsin on **February 8, 2007** at **9:30 a.m.** The court has scheduled two hours of court time to conduct this hearing. If either party believes that additional time is necessary, the party shall promptly notify the court upon receipt of this order.

Dated at Milwaukee, Wisconsin this 17th day of January, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge